**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
BRANT H. DVEIRIN, SB# 130621
  E-Mail: Brant.Dveirin@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT URSERY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,<br><br>Defendant. | Case No.: 2:23-cv-5206<br><br>Los Angeles Superior Court Case No. 23STCV10917<br><br>**[CLASS ACTION]**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT**<br><br>**DIVERSITY-CAFA**<br><br>Action Filed in State Court: May 16, 2023<br><br>Trial Date:  None Set |

**PLEASE TAKE NOTICE** that Defendant HOUSING AUTHORITY OF THE CITY OF LOS ANGELES ("HACLA") hereby removes the above captioned action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, under 28 U.S.C. §§ 1332, 1441, 1446, 1453. In support of this Notice of Removal, HACLA states as follows:

126132578.1

1. On or about May 16, 2023, Plaintiff ROBERT URSERY ("Plaintiff") filed this class action against Defendant by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV10917, a true copy of which is attached hereto as **Exhibit A.** The Complaint asserts five causes of action for (1) negligence; (2) Cal. Const. Art. 1 § 1 invasion of privacy; (3) breach of implied contract; (4) unjust enrichment; and (5) violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*).

2. The U.S. Supreme Court affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant needs to file in the federal forum a notice of removal only "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. §1446(a)).

3. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453 because HACLA has satisfied the venue and procedural requirements for removal, and because this Court has original jurisdiction over this action under 28 U.S.C. § 1332.

**I. THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET.**

4. *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Upon information and belief, plaintiff served the Complaint on HACLA on June 1, 2023. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5. *Removal to Proper Court.* The Superior Court of the State of California, for the County of Los Angeles, is located in the Central District of California. 28 U.S.C. § 84(c)(2). Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. §

1441(a); *see also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as **Exhibit A**. As required by 28 U.S.C. § 1446(d), HACLA will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal

7. No previous application has been made for the relief requested herein.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. As set forth below, this is a putative class action in which (1) there are 100 or more members in plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from HACLA; and (3) the aggregate amount in controversy exceeds $5,000,000. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A. Diversity of Citizenship.

10. At least one member of the proposed class is a citizen of a state different from HACLA. 28 U.S.C. § 1332(d)(2)(A).

11. Plaintiff alleges "HACLA is a California public housing agency with its principal place of business" in Los Angeles. Comp. ¶ 20.

12. Plaintiff brings this putative class action alleging a Nationwide Class and a California Subclass. Comp. ¶ 139. The Nationwide class definition includes: "All individuals and entities residing in the United States whose PII was compromised in the Data Breach announced by Defendant on or about March 10,

2023 (the 'Class')." Comp. ¶ 139. The California subclass definition includes: "All individuals and entities residing or have resided in California whose PII was compromised in the Data Breach announced by Defendant on or about March 10, 2023 (the 'California Subclass')." Comp. ¶ 139. Plaintiff alleges he is a resident and citizen of California. *Id.* ¶ 19. Plaintiff alleges "HACLA is 'one of the nation's largest and leading public housing authorities, providing the largest supply of quality affordable housing to residents of the City of Los Angeles.'" *Id.* ¶ 23.

13. Unlike other diversity jurisdiction cases, "no anti-removal presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

14. Plaintiff does not limit either the Nationwide or California class definitions to California citizens. Comp. ¶ 139. Nor does he allege HACLA only offers its services to California citizens. Comp. ¶ 23. The Nationwide class definition includes all individuals residing in the United States whose information was allegedly affected. Comp. ¶ 139.

15. At least one putative class member is a citizen of a state other than California.

16. The diversity of citizenship between "any member of the class" and HACLA satisfies the minimal diversity requirement under CAFA. 28 U.S.C. § 1332(d)(2)(A).

**B.    CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.**

17. As mentioned above, plaintiff purports to represent a nationwide class of individuals. Comp. ¶ 139.

18. Plaintiff does not allege how many individuals were potentially affected by the data security incident, but alleges upon information and belief "the proposed Class includes thousands of individuals..." Comp. ¶ 142.

19. Notice of the incident was mailed to approximately 805,514 individuals whose information may have been affected as contemplated by the allegations and

putative class definition.

20. There are more than 100 members of the alleged putative class.

21. Based on the above, the aggregate number of members in plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**C. The Amount-In-Controversy Requirement Is Satisfied.**

22. HACLA disputes that the proposed class could ever be certified or that HACLA is liable for the claims plaintiff asserts in the Complaint.

23. The aggregate amount-in-controversy, exclusive of interest and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). While plaintiff does not plead a specific amount of damages in the Complaint (and in the case of any injunctive relief, the cost for compliance with the requested injunction), for the reasons set forth below, the aggregate amount-in-controversy here exceeds $5,000,000. *Dart Cherokee*, 135 S. Ct. at 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

24. Plaintiff seeks damages, restitution, declaratory relief, injunctive relief, attorneys' fees and costs, interest, and any other relief. Comp., p. 47 (Prayer for Relief). He alleges a form of damages of "[t]he retail cost of credit monitoring and identity theft monitoring can cost around $200 a year per Class Member." Comp. ¶ 123. He alleges "[t]his is a reasonable and necessary cost to monitor to protect Class Members from the risk of identity theft…" and "is a future cost for a minimum of five years…" Comp. ¶ 123. Because notice was mailed to approximately 805,514 individuals and he alleges credit monitoring costs of $200 per year for 5 years per putative class member, the amount in controversy for this one type of damages is approximately $805,514,000. This is well in excess of the $5,000,000 amount in controversy required for CAFA.

25. The cost of injunctive relief can also count towards the $5 million requirement. "The amount in controversy in class actions requesting an injunction

1  may be determined by the cost of compliance by Defendant." *Anderson v.*
2  *SeaWorld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161, 1164 (N.D. Cal. 2015)
3  (citations omitted) (considering the effect of injunctive relief on *future* sales of
4  tickets and revenue as a basis for CAFA amount in controversy requirements).
5  While the cost of the injunctive relief is not alleged, it would likely not be de
6  minimis.

7      Based on the forgoing, HACLA respectfully requests removal of this action
8  from the Superior Court of the State of California for the County of Los Angeles to
9  this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

11  DATED: June 30, 2023        JON P. KARDASSAKIS
12                                     BRANT H. DVEIRIN
                                   DANIELLE E. STIERNA
13                                     LEWIS BRISBOIS BISGAARD & SMITH LLP

16                           By:  /s/ Danielle E. Stierna
                                DANIELLE E. STIERNA
17                                  Attorneys for Defendant HOUSING
                                AUTHORITY OF THE CITY OF LOS
18                                  ANGELES



126132578.1

6

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT

# FEDERAL COURT PROOF OF SERVICE
*Robert Ursery v. Housing Authority of the City of LA – Case No. 2:23-cv-5206*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 30, 2023, I served the following document(s): **DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT** on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

John J. Nelson
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Tele: (917) 471-1894 - Fax: (858) 209-6941
jnelson@milberg.com

*Counsel for Plaintiff ROBERT URSERY and the Proposed Class*

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address farnaz.moradpour@lewisbrisbois.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 30, 2023, at Los Angeles, California.

                                                */s/ Farnaz Moradpour*
                                                Farnaz Moradpour



126132578.1